MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Stephanie J. Lister
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
NOV 19 2013
SEAN F. McAVOY, CLERK
DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERT JOHN KEARNS,

Defendant.

Case No.: CR-13-06005-EFS

Plea Agreement

Plaintiff, United States of America, by and through MICHAEL C. ORMSBY, United States Attorney, for the Eastern District of Washington, and Stephanie J. Lister, Assistant United States Attorney for the Eastern District of Washington, and Defendant, ROBERT JOHN KEARNS, and the Defendant's counsel, Rick L. Hoffman, agree to the following Plea Agreement:

1. Guilty Plea and Maximum Statutory Penalties:

The Defendant, ROBERT JOHN KEARNS, agrees to waive indictment by a grand jury and agrees to plead guilty, pursuant to Federal Criminal Procedure Rule 11(c)(1)(c), to an Information Superseding Indictment, charging the Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2).

The Defendant understands that this is a Class C Felony which carries a maximum penalty of: not less than a five-year nor more than 20-year term of imprisonment; a fine not to exceed $250,000; a term of supervised release of up to life; a Special Penalty Assessment of $100; and registration as a sex offender.

The Defendant, ROBERT JOHN KEARNS, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant and the United States agree to jointly recommend that the Defendant be sentenced to ten years imprisonment, to be followed by lifetime supervised release, for receipt of child

pornography. If the Court does not accept the plea or chooses to sentence the Defendant to a greater or lesser sentence than the United States and the Defendant have agreed upon, the Defendant and the United States may each withdraw from the plea and this agreement is null and void.

3. Waiver of Constitutional Rights:

The Defendant, ROBERT JOHN KEARNS, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a. The right to a jury trial;

b. The right to see, hear and question the witnesses;

c. The right to remain silent at trial;

d. The right to testify at trial; and

e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), the United States would have to prove beyond a reasonable doubt the following elements:

a. First, on or about April to May 2, 2010, within the Eastern District of Washington, the Defendant, ROBERT JOHN KEARNS, knowingly

received material that contained images of child pornography, as charged;

b. Second, that the material had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer, or that the material was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer; and

c. Third, that at the time he received the material, the Defendant believed that such images constituted child pornography.

5. Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for ROBERT JOHN KEARNS 's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

In 2010, the FBI assisted the Grant County Sheriff's Office in the investigation of Pamela Ortega for the production and transfer of child pornography. Oretega was using a webcam to communicate with men interested in having sex with minors; she would then rape her minor children and transmit the rape via webcam. Oretega plead guilty to three counts of Rape of a Minor and was sentenced in Washington State Court to 300 months imprisonment.

During the initial investigation, Ortega had admitted using the Yahoo chatroom "married but Looking" and advertising "looking for a guy that likes young girls" under the moniker Foxylady19_us. She also said she met men in the "Washington" and

"Washington1" chat rooms. She admitted doing six or seven webcam shows with her daughter (9 years of age) and two shows with her son (5 years of age. She admitted sending photos of her son and daughter to men she met online.

Special Agent (SA) Lee McEuen, FBI, investigated the Ortega case and found that Bob6969u200 was listed on Ortega's friend's list and that Ortega communicated with Bob6969u2000 in May 2010 while Ortega was living in the Eastern District of Washington. File logs on Ortega's computer for Bob6969u2000 showed chat and the transfer of five (5) child pornography images of a female minor "Victim A" on May 25, 2010 to Bob6969u2000. When interviewed, Ortega stated she sent child pornography of "Victim A" to "Bob" at Bob's request. She also stated that Bob requested and directed live webcam sessions of the molestation of "Victim A", which molests occurred in the Eastern District of Washington. Ortega stated that Bob viewed at least three (3) webcam sessions of Ortega molesting a minor child between April and May 2010, and Bob sent Ortega nude images of himself and "may" have masturbated himself while viewing the molests of "Victim A".

A search warrant to Yahoo for subscriber information for Bob6969u2000 provided the IP registration address for Bob6969u2000 and the IP addresses used by Bob6969u2000 on the days that Ortega said she had communicated with him. SA McEuen discovered these IP addresses were owned by Cellco Partnership, and sent a subpoena to Cellco for subscriber information for the IP addresses used by Bob6969u2000. The subpoena revealed that Robert John Kearns of Puyallup, Washington, as the subscriber. Ortega identified a Driver License photograph of Robert Kearns as "Bob."

A state search warrant was executed at Kearns' residence in Puyallup, WA. Kearns was interviewed and confirmed that he was bob6969u2000, that he had contact with Foxylady19_us (Ortega), that he had requested Ortega email him child

pornography, and that he and received child pornography of "Victim A" from Ortega. Kearns also confirmed that he had chatted with Ortega requesting child pornography images and molestation of minors and signed the May 25, 2010, chat log that showed the "Victim A" child pornography transfer and request by Kerns for child pornography. Kearns stated that he used his Blackberry and possibly Laptop to view the "Victim A" child pornography.

Kearns consented to a search of his computer. A forensic examination of the computer indicated there were more than ten child pornography images, some of children under the age of twelve and at least one child pornography image that was sadistic and masochistic, as it depicted an adult having sex with a minor child. The chat folder for "foxylady19_us" had been deleted, however, images consistent with hands on molestation of a semi-pubescent child were discovered and chat logs confirming Kerns confession were located.

6. The United States Agrees to Dismiss:

At the time of sentencing, the United States agrees to move to dismiss the Indictment, which charges the Defendant with Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).

7. United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a. Base Offense Level:

The United States and the Defendant agree that the base offense level for Receipt of Child Pornography is 22. See U.S.S.G. §2G2.2(a)(2).

b. Specific Offense Characteristics:

The United States and the Defendant also agree and stipulate that the base offense is decreased by an additional two (2) levels because the Defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor, and the Defendant did not intend to traffic in or distribute, such material. See U.S.S.G. §2G2.2(b)(1).

The United States and the Defendant agree and stipulate that the base offense is increased by an additional two (2) levels because the material involved children who had not attained the age of 12. See U.S.S.G. §2G2.2(b)(2).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional four (4) levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. See U.S.S.G. §2G2.2(b)(4).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the use of a computer for receipt of the material. See U.S.S.G. §2G2.2(b)(6).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved at least ten images, but fewer than 150 images of child pornography. See U.S.S.G. §2G2.2(b)(7)(A).

c. Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than November 19, 2013, the United States will move for a three (3) level

downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a Possession from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level would be 27.

d. <u>Criminal History</u>:

The parties understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

8. <u>Jointly Recommended Term of Imprisonment</u>:

The United States and the Defendant agree that this plea agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to jointly recommend Defendant be sentenced to ten years imprisonment and a life term of supervised release for receipt of child pornography.

9. Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

10. Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a life term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release that the Defendant:

a. not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer, this includes prohibiting the Defendant from having any contact with any child by telephone or the internet. The Defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

b. allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the Defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The Defendant shall not possess or use any data encryption technique or program. The Defendant shall purchase and use such hardware and software systems that monitor the Defendant's computer usage, if directed by the Probation Officer;

c. shall not reside or loiter within 1000 feet of places where children under the age of 18 congregate, which includes primary and

secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades;

d. shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. § 2256(2). The Defendant shall not enter or be present at any establishment involved in the sex industry, including adult book stores, massage parlors, escort services, and strip bars. The Defendant shall not use any sex-related adult telephone number. The Defendant shall provide all his/her telephone records to monitor compliance, at the direction of the Probation Officer;

e. register as a sex offender, according to the laws of each state in which the Defendant resides, is employed, or is attending school. The Defendant shall provide verification of compliance with this requirement to the Probation Officer;

f. complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph testing, and completion of the ABEL assessment, at the direction of the Probation Officer;

g. participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability.

11. Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a Possession from the Clerk to the United States before sentencing as proof of this payment.

12. Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

13. Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

14. Appeal Rights:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order so long as that restitution order does not exceed $10,000. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

17. Notice of Sex Offender Registration:

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that he/she must update his/her registrations not later than three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

18. Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

MICHAEL C. ORMSBY
United States Attorney

M.K. Dimke for
Stephanie J. Lister
Assistant U.S. Attorney

11/19/2013
Date

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

ROBERT JOHN KEARNS
Defendant

11-14-2013
Date

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to

plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

Rick L. Hoffman
Attorney for the Defendant

11/18/13
Date