1  Rick L. Hoffman
   FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO
2  306 East Chestnut Avenue
   Yakima, Washington 98901
3  (509) 248-8920

4  Attorneys for Defendant
   ROBERT JOHN KEARNS

5
                    UNITED STATES DISTRICT COURT
6                   EASTERN DISTRICT OF WASHINGTON

7  UNITED STATES OF AMERICA,        )
                                    )
8           Plaintiff,              )      CR-13-6005-EFS
                                    )
9     vs.                           )      DEFENDANT'S
                                    )      SENTENCING MEMORANDUM
10  ROBERT JOHN KEARNS,             )
                                    )
11          Defendant.              )
                                    )
12
   TO:   MICHAEL C. ORMSBY, UNITED STATES ATTORNEY
13        STEPHANIE J. LISTER, ASSISTANT UNITED STATES ATTORNEY

14        ROBERT JOHN KEARNS, by and through his attorney, RICK L.

15  HOFFMAN of the Federal Defenders of Eastern Washington and Idaho,

16  hereby submits the following sentencing memorandum:

17                      **I.  Status of the Case**

18

19        On February 6, 2013, an indictment was filed against Mr. Kearns

20  charging him with one count of Attempted Production of Child Pornography,

21  in violation of 18 U.S.C. § 2251(a),(e).  After his arrest in the Western

22  District of Washington on February 11, 2013, Mr. Kearns appeared before

23

24  DEFENDANT'S
   SENTENCING MEMORANDUM
                              1

this Court on March 15, 2013, and was arraigned on the indictment.  A not guilty plea was entered and Mr. Kearns remained in custody.  A detention hearing was held on March 20, 2013, at which time Mr. Kearns was released on pretrial supervision and he has remained out of custody during the pendency of this matter, residing at his home in Puyallup, Washington.  An Information Superseding Indictment was filed against Mr. Kearns on November 19, 2013, charging him with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2).  Mr. Kearns waived indictment by a grand jury and on that day, entered a guilty plea to the superseding charge, with the benefit of a written plea agreement pursuant to Fed. R. Crim. Proc. 11(c)(1)( C).  Sentencing is scheduled for Tuesday, February 11, 2014, at 2:30 p.m., before the Honorable Edward F. Shea, in Richland, Washington.

## II.  Objections to Presentence Investigation Report

Mr. Kearns has no objections to the presentence report or the sentencing guideline calculation.

## III. Sentencing Calculations

Mr. Kearns agrees with the presentence investigation report that the total offense level is 27, his criminal history category is I and the sentencing range is 70 to 87 months.

DEFENDANT'S
SENTENCING MEMORANDUM

## IV.  Sentencing Factors under 18 U.S.C. § 3553(a)

In imposing a sentence, the Court must consider the following factors under 18 U.S.C. § 3553(a):

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the  defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the advisory guideline range;

(5)  any pertinent policy statements issued by the Sentencing Commission;

(6)  the need to avoid unwarranted sentencing disparities;

(7)  the need to provide restitution.

DEFENDANT'S
SENTENCING MEMORANDUM

After an accurate calculation of the sentencing guideline range, the statute suggests a full examination of the factors to be considered in arriving at a proper sentence. The court should initially consider the nature and circumstances of this offense and of Mr. Kearns, followed by the availability of particular sentences and the advisory guideline range.

1.  **The nature and circumstances of the offense and history and characteristics of the defendant.**

This charge is a serious matter and impacts the sensitivities and emotions of individuals and society in numerous and immeasurable ways. Victimization of the young and vulnerable amongst us is inexcusable. While the actions of those involved in this matter cannot be accepted, Mr. Kearns did not actively participate in the production of any images or videos and only was supplied with four images. It appears that with or without the involvement of Mr. Kearns, which did not involve pressure or coercion from Mr. Kearns or inducement or threats directed toward Ms. Ortega, the criminal acts of Ms. Ortega molesting her daughter would have occurred nonetheless.

With the exception of this matter, Mr. Kearns has led a normal, admirable life. He has a family with whom he is close, although divorced

DEFENDANT'S
SENTENCING MEMORANDUM

from his first wife, they remain close and supportive of each other, he has been involved in his son's life, emotionally, morally and financially, he has no problems with alcohol or drug use and he has no criminal history.  Running parallel with his public life, however, was a private side of Mr. Kearns wherein he became involved with computer chat rooms primarily involving fantasy sex contacts.  Mr. Kearns did not specifically attempt to cause or induce others to engage in various sexual activities, but he quickly became aware that many individuals involved in these chat rooms had their own idiosyncrasies or predilections, which he did not discourage.  To have others continue their contacts with him and his own exhibition of his desires, Mr. Kearns encouraged others in their desires.  Inexcusably, some of this encouragement delved into the world of unacceptable behavior.

2.   **The need to protect the public**.

 Mr. Kearns' crime is of concern to this court and the public.  Mr. Kearns accepts his fate.  He understands how his actions got him involved in the situation in which he now finds himself and he will not engage in such conduct in the future.   Clearly, Mr. Kearns is not a danger to the public and will not be in the future

3.   **The need for deterrence**.

DEFENDANT'S
SENTENCING MEMORANDUM

This court must not only consider the need to deter Mr. Kearns from committing future crimes but should also consider the impact of a sentence herein on others in the community.  A sentence of incarceration as proposed will be viewed as a just result by the public and will sufficiently achieve the goals of deterring members of the public.

4.    **The need for the sentence imposed to provide the defendant with training, care or treatment in the most effective manner.**

Mr. Kearns does not appear to be in need of training or treatment.

5.    **The kinds of sentences available**.

Incarceration is the only available sentence in this matter.

6.    **The advisory sentencing guidelines**.

The advisory sentencing guideline range is 70 to 87 months, with a mandatory minimum of 5 years.  The recommendation of the parties as set forth in the plea agreement, pursuant to Fed. R. Crim. Proc. 11(c)(1)(C), is 10 years.

## V.  CONCLUSION

This Court is required to impose a sentence in this matter that is sufficient but not greater than necessary to carry out the goals of sentencing.  18 U.S.C. § 3553.  Based upon the circumstances of this charge and the

DEFENDANT'S
SENTENCING MEMORANDUM

factors enumerated in 18 U.S.C. § 3553(a), along with the plea agreement pursuant to Fed. R. Crim .Proc. 11(c)(1)( C), Mr. Kearns requests that the Court impose a sentence of 10 years.

Dated: January 21, 2014.

Respectfully submitted,

s/Rick L. Hoffman
Rick L. Hoffman, 9478
Attorney for ROBERT JOHN KEARNS
Federal Defenders of Eastern
Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Rick_Hoffman@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2014, I electronically filed the Defendant's Sentencing Memorandum with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Stephanie J. Lister, Assistant United States Attorney.

s/Rick L. Hoffman
Rick L. Hoffman, WA 9478

DEFENDANT'S
SENTENCING MEMORANDUM